UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**LORIS LEDGERWOOD,**
        Plaintiff,

-vs-                                                    Case No.  2:03-cv-577-FtM-29DNF

**JO ANNE B. BARNHART, Commissioner**
of Social Security,
        Defendant.
_____

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Consent Petition for Attorney Fees and Defendant's Consented Response  [Doc. 24, 25], filed on May 4 and May 11, 2005, respectively. The parties filed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and an Order of Reference was entered on January 20, 2004, by the Honorable John E. Steele, United States District Judge referring the case to the Honorable Douglas N. Frazier, United States Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636 (c) and Fed. R. Civ. P. 73. [Doc.9]. Judgment was entered on February 24, 2005, reversing and remanding the decision of the Commissioner pursuant to §205(g) of Social Security Act U.S.C. §405(g). [Doc. 19].

**A.**    **Entitlement to Fees and Expenses**

In order for plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA), the following five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-

tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

**B.     Calculation of Reasonable Attorney Fees:**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), aff'd  496 U.S. 154 (1990).  The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).   Plaintiff seeks a total of $297.50 in attorney fees for 2.0 hours of work in 2003, at a rate of $148.75 an hour; and $4,477.00 for 29.60 hours of work in 2004/2005, at a rate of $151.25 an hour and  $60.00 for 1.2 hours of paralegal time at a rate of $60.00 per hour.

**(1) Hourly Rate:**

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11h Cir. 1985).

Plaintiff requests attorney fees at an hourly rate of $148.75 for 2003, and $151.25 for 2004/05, for attorney Carol Avard, Esquire; and $60.00 for 1.2 hours of paralegal time. The Court finds the hourly rates are reasonable in light of the Consumer Price Index (CPI).

**(2)      Reasonable Number of Hours:**

After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

**C.      Costs**

Plaintiff seeks expenses of $39.70 and costs of $150.00 for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury. The EAJA provides that "fees and other expenses" must be awarded the prevailing party absent a substantially justified government position. 28 U.S.C. § 2412(d)(1)(A). A prevailing party in a civil action also may be awarded costs as delineated by 28 U.S.C. § 1920. "Fees and other expenses" under the EAJA include those costs ordinarily billed to a client. *Jean v. Nelson*, 863 F.2d t 776-78. Therefore, the Court will allow the $39.70 expense as requested by Plaintiff.

As the filing fee is an allowable costs under § 1920, the Court will tax the $150.00 filing fee. See also 28 U.S.C. § 1914; *Zunde v. Int'l Paper Co.*, 982 F. Supp. 1456 (M.D. Fla. 2000); *Royal Palace Hotel Assocs., Inc. V. Int'l Resort Classics, Inc.*, 178 F.R.D. 595 (M.D. Fla. 1998).

Accordingly, it is hereby:

**ORDERED:**

1.      Plaintiff's Motion for EAJA Fees [Doc. 24] is **GRANTED**.

2.	The attorney fees in the amount of **$4,846.00** for Carol Avard, Esquire, [which includes paralegal time in the amount of **$72.00**]; costs in the amount of **$150.00**, and expenses in the amount of **$39.70**, shall be awarded to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2142(d).

3.	The Clerk shall enter an Amended Judgment adding that Plaintiff shall be awarded fees in the amount of **$4,846.00** for Carol Avard; costs in the amount of **$150.00**, and expenses in the amount of **$37.90.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this 26th day of May 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record